Kenneth M. Motolenich-Salas (Bar No. 027499)
ken.motolenich@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:  (602) 530-8000
Facsimile:   (602) 530-8500
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nutrition Distribution, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Legendary Supplements Limited Liability Company, an Arkansas limited liability company; DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-01520-GMS<br><br>**DEFENDANT LEGENDARY SUPPLEMENTS, LLC'S ANSWER TO PLAINTIFF NUTRITION DISTRIBUTION, LLC'S COMPLAINT** |

Defendant, Legendary Supplements, LLC ("Defendant"), by and through the undersigned attorney, and in response to the Plaintiff's Complaint, states as follows:

## INTRODUCTION

1. Defendant admits that this action is for purported false advertising related to certain products identified in Paragraph 1, but denies that Defendant is unlawfully advertising the products.

2. Defendant is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 2 and, on that basis, denies the same.

3. Defendant denies the allegations of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant admits that 21 U.S.C. § 801 *et seq.* is known as the Controlled Substance Act, but is without is without knowledge or information sufficient to form a

belief about the truth of the remaining allegations of Paragraph 6 and, on that basis, denies the same.

7. Defendant without is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 and, on that basis, denies the same.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant admits that, in this action, Plaintiff seeks to enjoin Defendant from the activities identified in Paragraph 9, but denies the remaining allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, but denies the remaining allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

## PARTIES

13. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 13 of the Complaint, and, on that basis, denies the same.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 15 of the Complaint, and, on that basis, denies the same.

## PURPORTED FACTUAL ALLEGATIONS

16. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 16 of the Complaint, and, on that basis, denies the same.

### Plaintiff Nutrition Distribution and Mass FX Black

17. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 17 of the Complaint, and, on that basis, denies the same.

18. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 18 of the Complaint, and, on that basis, denies the same.

19. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 19 of the Complaint, and, on that basis, denies the same.

### The Purportedly Illicit Steroids

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 21 of the Complaint and, on that basis, denies the same.

22. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 22 of the Complaint and, on that basis, denies the same.

23. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 23 of the Complaint and, on that basis, denies the same.

24. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 24 of the Complaint and, on that basis, denies the same.

25. Defendant denies that it "touts" methylstenbolone as promoting muscle mass and is without sufficient information to either admit or deny the remaining allegations of Paragraph 25 of the Complaint and, on that basis, denies the same.

26. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 26 of the Complaint and, on that basis, denies the same.

27. Defendant is without sufficient information to either admit or deny the allegations of Paragraph 27 of the Complaint and, on that basis, denies the same.

### Defendant Legendary Supplements and Its Prohormone Products

28. Defendant admits the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

## **CLAIM FOR RELIEF: PURPORTED FALSE ADVERTISING (15 U.S.C. 1125(a)(1)(B))**

35. Defendant incorporates by reference its previous answers to Paragraphs 1 through 34 as if fully set forth herein.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

## **GENERAL DENIAL**

42. To the extent that any of the allegations in the Plaintiff's Complaint have not been expressly admitted or denied, Defendant denies those allegations.

## **AFFIRMATIVE DEFENSES**

43. <u>Failure to State a Claim</u>: Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), Plaintiff's Complaint fails to state any claim on which relief can be granted.

44. <u>Failure to Comply with Fed. R. Civ. P. 9(b)</u>: Pursuant to Fed. R. Civ. P. 9(b), 12(b)(6) and 12(c), Plaintiff fails to allege its First Claim for Relief with the requisite particularity.

45. <u>Statute of Limitations</u>: Plaintiff's claim is barred by the statute of limitations.

46. <u>Laches</u>: Plaintiff's claim is barred by the doctrine of laches.

47. <u>Unclean Hands</u>: Plaintiff's claim is barred by the doctrine of unclean hands.

48. <u>No Illegality</u>: The dietary supplement products sold and distributed by the Defendant are lawful dietary supplements under the Dietary Supplement Health and Education Act of 1994 and are not (i) themselves illegal or (ii) substantially similar to any illegal substances.

49. <u>First Amendment Protection</u>: Each and every one of the statements made by Defendant and alleged by Plaintiff to constitute a false or misleading description of fact or

false or misleading representation of fact which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in purported violation of 15 U.S.C. § 1125(a)(1)(B) (Lanham Act Section 43(a)(1)(B)) is protected under the First Amendment..

50.  Truth: The statements cited by the Plaintiff as contained in the promotional materials and website information, including any advertising material, for dietary supplement products sold and distributed by the Defendant are not false or misleading.

51.  Lack of Standing: The conduct of the Plaintiff in bringing this lawsuit amounts to unlawful exercise of power expressly reserved to the Federal or relevant state governments and not to private third parties.  Specifically, the claim and relief sought are barred to the extent Plaintiff impermissibly attempt to assert a private right of action under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.,* related regulations, and/or the pharmacy laws and regulations of the various states and the District of Columbia and, as Plaintiff is neither the state or federal FDA or any governmental agency, Plaintiff has no standing to pursue the claim and relief sought.

52.  Estoppel: Plaintiff is estopped from bringing this lawsuit against the Defendant.

53.  No Causation of Damages: Plaintiff's claim is barred because Defendant's alleged conduct did not actually, directly, or proximately cause any losses or damages allegedly sustained by Plaintiff.

54.  Third Party Liability: Any alleged damages suffered by the Plaintiff were not the result of any act or conduct of the Defendant, but rather resulted from the conduct of unrelated third parties.

55.  No Willfulness: To the extent that the actions of Defendant constitute a violation of law, such actions were not willful, intentional, wanton, or otherwise wrongful. As such, Defendant is not liable for exemplary or enhanced damages because neither Defendant nor any of its officers, directors, employees, or agents acted intentionally,

wantonly, or willfully to commit any unfair, tortious, false, or otherwise unlawful acts proscribed under federal law as alleged in the Complaint.

56. <u>No Entitlement to Punitive Damages</u>:  The claim for punitive damages is barred because (i) Defendant did not act with malice or with reckless indifference to the rights of Plaintiff and because Defendant always acted in good faith with respect to Plaintiff, and (ii) punitive damages are not available under the Lanham Act.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996) (citing *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 200 n. 1 (9th Cir. 1989), and *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 113 (2d Cir. 1988), *cert. denied*, 490 U.S. 1006 (1989)).

57. <u>Non-Exceptional Case</u>:  Plaintiff cannot show that this is an exceptional case justifying award of attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117.

58. <u>Adequacy of Remedy at Law</u>: The alleged injury or damages suffered by Plaintiff, if any, and if proven, could be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to any temporary, preliminary or permanent injunctive relief or equitable relief.

59. <u>Primary Jurisdiction</u>: The claim and relief sought are barred due to primary jurisdiction of the United States Food and Drug Administration to the extent they require direct application or interpretation of a matter that is exclusively within the jurisdiction and expertise of the FDA.

60. <u>Abstention</u>: The claim and relief sought are barred to the extent they require direct application or interpretation and implementation of the pharmacy laws and regulations of the various states and the District of Columbia, which raise questions more appropriately addressed to the states and which the Court should abstain from considering.

61. <u>Failure to Mitigate Damages</u>: Plaintiff is not entitled to the relief it seeks because it has failed to take all necessary, reasonable, and appropriate actions to mitigate alleged injuries and damages, if any such injuries or damages exist, the fact and extent of which are expressly denied by Defendant.

62. <u>Reservation of Rights</u>: Defendant reserves the right to amend their Answer pending discovery.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Legendary Supplements, LLC ("Defendant"), having fully answered the Complaint, respectfully requests that:

A. Plaintiff Nutrition Distribution, LLC ("Plaintiff") take nothing from Defendant by way of the Complaint and the Court dismiss the Complaint with prejudice;

B. Judgment on the Complaint be entered in favor of Defendant and against Plaintiff;

C. The Court declare this case exceptional pursuant to 15 U.S.C. § 1117(a);

D. Defendant be awarded its reasonable attorney's fees under any federal to which it is entitled to compensation for reasonable attorney's fees, including but not limited to 15 U.S.C. § 1117(a) and/or Fed. R. Civ. P. 54(d)(2);

E. Defendant be awarded its costs and expenses incurred in this action pursuant to 15 U.S.C. § 1117(a) and/or Fed. R. Civ. P. 54(d)(1); and

F. The Court order such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 22nd day of June, 2017.

GALLAGHER & KENNEDY, P.A.

By:*/s/ Kenneth M. Motolenich-Salas*
   Kenneth M. Motolenich-Salas
   2575 East Camelback Road

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Phoenix, Arizona 85016-9225
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of June, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.


By: /s/ Kenneth M. Motolenich-Salas